# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL DAVID NIEBAUM, | |
| Plaintiff, | No. C 13-4062-MWB |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | **ORDER REGARDING REPORT AND RECOMMENDATION** |
| Defendant. | |

___

This case is before me on a Report and Recommendation (R&R) from Judge Leonard Strand, filed on March 4, 2014 (docket no. 13). In the R&R, Judge Strand recommends that I reverse a decision by the Commissioner of Social Security (the Commissioner) denying Plaintiff Michael Niebaum (Niebaum) disability benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and that I remand this case to the Commissioner for further proceedings. The Commissioner timely filed objections to the R&R (docket no. 14). For the reasons discussed below, I adopt the recommendations in the R&R, reverse the Commissioner's decision, and remand this case for further proceedings consistent with the R&R.

I review *de novo* the portions of the R&R to which the Commissioner objects. 28 U.S.C. § 636(b)(1). I review the other portions of the R&R only for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Broadly speaking, Judge Strand

recommends that I remand this case for two reasons: (1) because the ALJ failed to properly develop the record, and (2) because the ALJ erred in discounting Niebaum's credibility. Each reason independently warrants remand. Yet the Commissioner only objects to Judge Strand's findings regarding the ALJ's duty to develop the record. The Commissioner does not object to, or even discuss, Judge Strand's findings regarding the ALJ's credibility determination. Thus, I will review *de novo* the portion of the R&R related to the ALJ's duty to develop the record, and review for clear error the portion of the R&R related to the ALJ's credibility determination.

I find that Judge Strand's recommendation related to the ALJ's credibility determination is not clearly erroneous. Judge Strand pointed out that the "primary basis for the ALJ's" decision to discount Niebaum's subjective testimony rested on "two factual errors" (docket no. 13, at 22). Specifically, the ALJ misinterpreted Niebaum's hospital records from August of 2009, which caused the ALJ to make unsupported assumptions regarding whether Niebaum was truthful about his methamphetamine and alcohol use. Judge Strand therefore recommended that this case should be remanded for the ALJ to reevaluate Niebaum's credibility. Because this recommendation is not clearly erroneous, I find that remand is appropriate.

The secondary question, however, is whether the ALJ must develop the record more fully in addition to reevaluating Niebaum's credibility. Judge Strand found that the ALJ failed her duty to develop the record before determining Niebaum's mental and physical RFC because "[t]he record contains no opinions from treating physicians or consultative examiners since Niebaum's alleged onset date, and his treatment records do not otherwise detail any work-related limitations associated with his impairments" (docket no. 13, at 16). The Commissioner argues that the ALJ need not develop the record simply because it lacks a treating source's opinion or because the medical reports do not specifically discuss the claimant's work-related limitations, as long as the

2

record otherwise contains substantial medical evidence from which the ALJ could determine the claimant's RFC. The Commissioner argues that the record in this case was sufficient to support the ALJ's findings.

The ALJ has a duty to develop the record, which is independent of the claimant's burden of proof. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." *Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008) (citation omitted). "[S]ome medical evidence must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace[.]" *Lauer v. Apfel*, 245 F.3d 700, 703-04 (8th Cir. 2001) (quoting *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir.2000) (per curiam); *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000)) (internal citations and quotation marks omitted). But "the ALJ [is] not limited to considering medical evidence . . . ." *Id.* at 704. Rather, the ALJ must "assess[] a claimant's residual functional capacity based on all relevant evidence." *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005) (quoting *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000)). Relevant evidence includes "medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir. 2006) (quoting *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004) (internal quotation and citation omitted)).

These standards do not require remand in every case that lacks a medical opinion from a treating physician. "While the ALJ has an independent duty to develop the record in a social security disability hearing, the ALJ is not required 'to seek additional clarifying statements from a treating physician *unless a crucial issue is undeveloped*.'" *Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005) (quoting *Stormo v. Barnhart*, 377

3

F.3d 801, 806 (8th Cir. 2004)) (emphasis added). "[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994); *see also Halverson v. Astrue*, 600 F.3d 922, 933 (8th Cir. 2010) ("The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." (quoting *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994)). A claimant's records need not explicitly discuss work-related limitations, as long as the records describe the claimant's "functional limitations with sufficient generalized clarity to allow for an understanding of how those limitations function in a work environment." *Cox v. Astrue*, 495 F.3d 614, 620 n.6 (8th Cir. 2007).

In light of these standards, the real question is this: Despite the absence of a treating source's opinion, does the record contain sufficient medical evidence from which the ALJ could determine Niebaum's work-related limitations, even if that evidence does not explicitly discuss Niebaum's work-related limitations? Here, the answer to that question is "no." The record contains opinions from state agency consultants, which themselves do not ordinarily constitute substantial evidence supporting the ALJ's determination. *Shontos v. Barnhart*, 328 F.3d 418, 427 (8th Cir. 2003). They might constitute substantial evidence when combined with other record evidence, but, as Judge Strand noted, the other record evidence in this case is deficient. While the record contains Niebaum's treatment records, those records are either from examinations outside the relevant time period, or provide scant information regarding Niebaum's potential workplace limitations. In fact, most of the medical records in evidence primarily discuss Niebaum's substance abuse history, rather than the mental

and physical conditions underlying Niebaum's disability claims.[1] Thus, I agree with Judge Strand's recommendation that, on remand, the ALJ should obtain consultative examinations to assess the workplace implications of Niebaum's impairments.

Moreover, the Commissioner apparently concedes that "the ALJ may not have supported her credibility analysis and subsequent RFC determination with substantial evidence," but argues that "the record nevertheless contain[s] sufficient evidence from which a proper RFC determination could have been made" (docket no. 14, at 7). If the ALJ's RFC determination *wasn't* supported by substantial evidence, it is not enough that I *could* find substantial evidence in the record to retroactively support the ALJ's findings. The courts may not "re-weigh the evidence" considered by the ALJ; that responsibility belongs to the ALJ alone. *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). Reconstructing findings that *could be* supported by substantial evidence would require me to weigh the evidence in ways the ALJ might not, which I cannot do. My review is limited to determining whether the ALJ's *actual* findings are supported by substantial evidence. *Clark v. Chater*, 75 F.3d 414, 416 (8th Cir. 1996). Thus, the Commissioner's suggestion that the ALJ's decision may not have been supported by substantial evidence further necessitates remand.

---

[1] The Commissioner argues that, because Niebaum did not explain how his alleged physical impairments caused any functional limitations, the ALJ has no duty to develop the record related to those impairments. But, regardless of whether the Commissioner had a duty to investigate Niebaum's physical impairments, the fact remains: The ALJ in this case *did* consider Niebaum's physical impairments and *did* find those impairments to be severe. AR 21-23. Given that the ALJ undertook to make these findings, it only makes sense that they should be based on substantial evidence and a properly developed record.

**THEREFORE,**

For the reasons discussed above, I adopt the recommendations in the R&R. The Commissioner's decision is reversed and this case is remanded for further proceedings consistent with the recommendations in the R&R. The Clerk shall enter judgment in favor of Niebaum and against the Commissioner.

**IT IS SO ORDERED**.

**DATED** this 23rd day of June, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA