# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL DAVID NIEBAUM,<br><br>              Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>              Defendant. | No. C 13-4062-MWB<br><br>**ORDER REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES** |

_____

## I.  INTRODUCTION

This case is before me on plaintiff Michael David Niebaum's (Niebaum) application for attorney's fees, which he filed on August 25, 2014 (docket no. 19). Niebaum's application follows my June 23, 2014, order in which I accepted Judge Strand's Report and Recommendation, reversed the Commissioner of Social Security's (the Commissioner's) decision denying Niebaum disability benefits, and remanded Niebaum's claim to the Commissioner for further consideration (docket no. 15). The Clerk entered judgment in favor of Niebaum on June 23, 2014 (docket no. 16).

In his application, Niebaum requests $6,865.33 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). In support of his application, Niebaum submits (1) a CPI table used in calculating cost-of-living adjustments for his attorney, Ruth Carter (Carter) (docket no. 19-1); (2) an itemized billing record documenting the hours that Carter spent working on the case and case-related expenses (docket no. 19-2); and (3) a memorandum in support of the application for attorney's fees under the EAJA (docket no. 19-3). The Commissioner filed a

response to Niebaum's application on September 8, 2014 (docket no. 20). The Commissioner has no objection to Niebaum's request for $6,856.53 in attorney's fees and expenses, representing 30.91 hours of attorney work at $187.00 per hour and 5.68 hours of attorney work at $189.50 per hour.

## II. ANALYSIS

"[F]ees and other expenses" may be awarded to a "prevailing party" in a Social Security appeal under the EAJA, "unless the court finds that the position of the United States was *substantially justified* or that *special circumstances* make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). For purposes of this subsection, "fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). In order to obtain an award, the party must apply for the award "within thirty days of final judgment in the action" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). A "final judgment" is "a judgment that is final and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G). A judgment against the Commissioner is no longer appealable after 60 days. Fed. R. App. P. 4(a)(1)(B)(iii) ("The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is . . . a United States officer or employee sued in an official capacity[.]"). Thus, a judgment against the Commissioner becomes final 60 days after the Clerk enters that judgment.

If attorney's fees are appropriate, the reasonable hourly rate for such fees is set by statute at $125, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); *see Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (holding that "where . . . an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient

to justify hourly attorney's fees of more than $75 per hour [(the applicable statutory amount in the case)], enhanced fees should be awarded.").

Here, the parties do not dispute, and I find, that Niebaum is a prevailing party. I also find that the position of the United States was not substantially justified because the Commissioner, who bears the burden of proving substantial justification, does not claim that her position was substantially justified and instead agrees that Niebaum should receive an EAJA award. *See Herman v. Schwent*, 177 F.3d 1063, 1065 (8th Cir. 1999) (noting that the Commissioner bears the burden of proving substantial justification). I find that the requested award under the EAJA is just and appropriate; $6,856.53 is reasonable for 36.59 hours of work by Carter. I, therefore, grant Niebaum's application for attorney's fees, plus expenses, in the amount of $6,856.53. In *Astrue v. Ratliff*, the United States Supreme Court held that, under the EAJA, statutory attorney's fees awards must be payable to the prevailing social security plaintiff, not his attorney. 560 U.S. 586, 130 S. Ct. 2521, 2529 (2010). Thus, I find that Niebaum's award must be payable directly to Niebaum.

### III. CONCLUSION

**THEREFORE,** Niebaum's application for attorney's fees under the EAJA (docket no. 19) is **granted**. I award Niebaum $6,856.53 in attorney's fees and expenses under the EAJA, which is subject to offset for any debts Niebaum may owe to the United States. The fee award shall be paid by the Social Security Administration. *See* 28 U.S.C. § 2412(d)(4) ("Fees and other expenses awarded under this subsection to a party shall be paid by any agency over which the party prevails from any funds made available to the agency by appropriation or otherwise."). If consistent with the Commissioner's and the Department of Treasury's practice, the EAJA payment may be mailed to Niebaum's attorney, Carter. *See, e.g.*, *Theis v. Astrue*, 828 F. Supp. 2d 1006, 1011 (E.D. Ark. 2011) (directing that EAJA "award be

3

made payable to the plaintiff . . . and mailed to [plaintiff's attorney], pursuant to the Commissioner's standard method of issuing payment").

**IT IS SO ORDERED**.

**DATED** this 13th day of February, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA